UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Harris Wayside Furniture
Company, Inc., Harris
Furniture Company, Inc.,
Harris Bros. Furniture
Company, Inc.

    v.                                    Civil No. 06-cv-392-JM

Idearc Media Corp.
f/k/a Verizon Directories Corp.

**O R D E R**

Before the court is Defendant's Motion for Reconsideration of the order which granted in part and denied in part defendant's motion to dismiss. See Order, Civil No. 06-392-JM (D.N.H. June 25, 2007) ("June 25 Order"). Defendant principally argues that because I construed the Application for Advertising not to be a contract, the duties, expectations and detriment that underlie plaintiffs' claims are not cognizable. After carefully reviewing the motion for reconsideration, I fail to perceive any new facts or law presented in defendant's arguments which might persuade me to rule differently on the underlying motion to dismiss. I find, however, that defendant's reading of Donovan v. Castle Springs, No. Civ. 01-413-M, 2002 WL 31906183 (D.N.H. Dec. 20, 2002)

warrants some discussion.

Defendant argues that <u>Donovan</u> requires a contract be formed in order to support a claim for a breach of the implied duty of good faith and fair dealing in contract formation and, because the court concluded no contract was formed here, Count I should have been dismissed. Specifically defendant contends that "an essential element of this 'branch' of the implied covenant is that a mutual exchange of promises be made and that 'there is an underlying contract into which [the implied covenant] may be implied.'" <u>See</u> Def.'s Mot. for Recon. (document no. 22) ("Def.'s Mot.") at 2 (quoting <u>Donovan</u>, 2002 WL 31906183 at *8 fn. 8. Defendant argues that, in <u>Donovan</u>, there was no breach of the implied duty of good faith and fair dealing in contract formation because the alleged promise of one year's employment could not be implied in the at-will employment contract that ultimately was formed. <u>See</u> Def.'s Mot. at 2. In other words, defendant reads <u>Donovan</u> to stand for the proposition that the challenged promise must become an implied term of a contract to give rise to a claim for breach of the implied good faith duty in contract formation, so if there is no contract, there can be no claim arising out of the promise or representation.

Defendant misreads <u>Donovan</u> in two significant aspects. First and most importantly, <u>Donovan</u> cites New Hampshire law for the established rule that the implied duty of good faith and fair dealing arises in "'three distinct categories of contract cases,'" <u>id.</u> at *8 (quoting <u>Centronics Corp. v. Genicom Corp.</u>, 132 N.H. 133, 139, 562 A.2d 187, 191 (1989)), not in three distinct types of *contracts*. As the New Hampshire Supreme Court explained in <u>Centronics</u>:

> Our common law of good faith contractual obligation is not, however, as easily stated as we might wish, there being not merely one rule of implied good faith duty in New Hampshire's law of contract, but a series of doctrines, each of them speaking in terms of an obligation of good faith but serving markedly different functions. Since the time of our first contract decision couched in terms of good faith, <u>Griswold v. Heat Corp.</u>, 108 N.H. 119, 229 A.2d 183 (1967), we have relied on such an implied duty in three distinct categories of contract cases: those dealing with standards of conduct in contract formation, with termination of at-will employment contracts, and with limits on discretion in contractual performance.

<u>Id.</u>, 132 N.H. at 139, 562 A.2d at 191. In discussing the duty implicit in contract formation, the court explained "the continuing good faith bar to misrepresentation is antecedent to the agreement itself." <u>Id.</u> (citing <u>Bursey v. Clement</u>, 118 N.H. 412, 414, 387 A.2d 346, 348 (1978), <u>Dawe v. Am. Universal Ins.</u>

Co., 120 N.H. 447, 449-50, 417 A.2d 2, 4 (1980), and McCarthy v. Barrows, 118 N.H. 173, 175-76, 384 A.2d 787, 788 (1978)). "That obligation requires that if one party makes a representation of a material fact to another party for the purpose of inducing the other party to change his position *or* enter into a contract, the party making the representation must tell the truth." Bursey, 118 N.H. at 414, 387 A.2d at 348 (emphasis added).

To give that language its plain meaning, the party to whom the misrepresentation is told need only change his position, not necessarily enter a contract, for the duty to be breached. See id. (recognizing breach of the duty based on the erroneous representation that building permits to develop the land would be available, even though development permits were not part of the purchase and sale agreement for the land at issue). While the facts in these cases generally involve contracting parties, the law seems to require a change of position, not a contract. See id. If any doubt remains about the viability of the duty attaching simply if one knows another will be induced to act based on a promise or representation, without requiring that representation become implicit in a contract that might follow, the Centronics court explicitly stated "[b]y way of contrast, the

4

good faith enforced in the second category of our cases is an obligation implied in the contract itself. . .." Centronics, 132 N.H. at 139, 387 A.2d at 349.  Although defendant argues to the contrary, my reading of New Hampshire law finds the implied duty of good faith and fair dealing in contract formation arises before any contract is formed and, while relevant to, exists independent of, the terms of the relationship between the parties that ultimately may develop.[1]

Second, Donovan based its decision that the plaintiff there could not prevail on his claim for breach of the implied duty in contract formation because the defendant, in fact, had not made any representation or promise, let alone in bad faith, that could

---

[1] I recognize that other jurisdictions have limited the implied duty of good faith in fair dealing to contract performance.  See e.g. Hutchins v. Zoll Med. Corp., 430 F. Supp. 2d 24, 34 (D. Mass. 2006) (finding good faith duty "inapplicable during the courtship dance phase of contract formation" (internal quotation omitted)), aff'd, 492 F.3d 1377 (Fed. Cir. 2007); Hord Corp. v. Polymer Research Corp., 275 F. Supp. 2d 229, 238 (D.R.I. 2003) (not recognizing good faith obligation at time of contract formation); Macomber v. Travelers Prop. and Cas. Corp., 261 Conn. 620, 638, 804 A.2d 180, 193 (2002) (same); Novinger Group v. Hartford Ins. Co., Civ. No. 1:06-CV-0188, 2007 WL 1450396, *7 (M.D. Pa. May 16, 2007) (same).  Whether or not New Hampshire represents the prevailing view on the doctrine, the law is settled here and, as a federal court sitting in New Hampshire and exercising diversity jurisdiction over this action, I am required to apply New Hampshire law.  See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938) (holding state law governs in diversity actions).

be understood to have induced plaintiff to change his position. See Donovan, 2002 WL 31906183 at *9 (explaining that defendant could not have acted in bad faith by making a promise it did not intend to keep, when defendant never made the promise).  Indeed in Donovan, in an effort to distinguish plaintiff's breach of contract claim asserted in Count III from the breach of the implied duty of good faith and fair dealing claim in Count V, the court focused on what defendant did that plaintiff alleged had induced him to leave his former employment, that occurred before, and independent of, the at-will employment agreement that followed.   See id. at *8.[2]   The claim failed in Donovan not because there was no contract into which the alleged promise of a year's employment could have been implied, as defendant argues.

---

[2]While defendant here relies on footnote 8, where the Donovan court recognized the defendant there "correctly states the rule that the covenant of good faith and fair dealing only exists when there is an underlying contract into which it may be implied," the Donovan court made that statement in the context of discussing plaintiff's breach of contract claim and explained that an at-will employment agreement in fact existed there.  See id. at *8 n.8.  The court went on to find that Count V asserted a separate cause of action, based on the implied good faith duty in contract formation, which was distinct from the alleged breach of the at-will employment contract, which carried its own duty of good faith.  See id. at *8 ("Recognizing, however, that Donovan likely intended to plead something above and beyond his breach of contract claim, the court turns to the law of good faith and fair dealing.")

The claim failed because plaintiff admitted that a promise of a year's employment in fact never was made, so that promise could not have induced him to leave his former employment. See id. at *9.[3]  The facts in Donovan showed plaintiff only expected to have the job for at least a year, not that defendant had acted in bad faith by representing he would have a year's employment while knowing the job, in fact, would only be at-will.  There simply were no facts that supported the claim that defendant made a promise with no intention of keeping it, for the purpose of getting plaintiff to take the job.  See id. (citing Hydraform Prods. Corp. v. Am. Steel & Aluminum Corp., 127 N.H. 187, 200, 498 A.2d 339 (1985)).

    The implied duty in contract formation requires the party making a promise or representation to do so in good faith, and to deal fairly with a second party whom the first party knows would change his position in reliance on that representation.  The relevant facts to the claim are all antecedent to any agreement

---

[3] The plaintiff argued the quoted annual salary and the explanation of the seasonal nature of the work led him to believe he would be employed for at least a year, see id. at *6; however, the facts showed the job was advertised simply as a "full-time, year-round maintenance supervisor" and that plaintiff signed documents which clearly provided for the employment to be at-will.  See id. at * 2.

which may or may not be executed subsequently.  See Donovan, 2002 WL 31906183 at *9; see also Dawe, 120 N.H. at 449, 417 A.2d at 3 (misrepresented coverage under insurance contract); Bursey, 118 N.H. at 414-15, 387 A.2d at 348 (misrepresented availability of building permits); McCarthy, 118 N.H. at 175, 384 A.2d at 788 (misrepresented septic system).  In Donovan, because no promise had been made, plaintiff could not have changed his position in reliance on it, and no claim for a breach of the implied duty of good faith and fair dealing in contract formation arose.  The terms of plaintiff's employment agreement that followed were not relevant to what defendant did before the plaintiff decided to go to work for defendant.  See id. at *8-9.

   Donovan and the New Hampshire law on which it relies support my reading of plaintiffs' claim in Count I here, that defendant breached the implied duty of good faith and fair dealing in contract formation when it represented that plaintiffs had a zero balance, which induced plaintiffs to continue to give defendant their advertising business, when, in fact, defendant had no intention of honoring the representation but, instead, intended to use the Application to extort the outstanding balance from plaintiffs.  While these facts are only alleged, they adequately

state a claim for breach of the implied duty in contract formation for purposes of this preliminary review. I stand by my original analysis of this claim.

Defendant is reminded that the standard of reviewing a complaint for failure to state a claim is very generous, requiring the court to indulge all reasonable inferences in plaintiffs' favor. See Apont-Torres v. Univ. of P.R., 445 F.3d 50, 55 (1st Cir. 2006) (citing authority). At this very early stage in the proceedings, plaintiffs need only allege the minimal facts necessary to state the essential elements of the claims asserted, not prove any of them. Whether plaintiffs ultimately prevail on any of those claims cannot be determined on the nascent record, nor would such a determination be appropriate at this preliminary stage of review.

## Conclusion

For the reasons set forth above, defendant's motion for reconsideration (document no. 22) is denied.

Upon further review of plaintiffs' claims prompted by defendant's motion, I appreciate the challenge presented by the writ and the manner in which the claims are presented in that document. Plaintiffs are ordered to restate the claims asserted,

in a new complaint that conforms to the pleading standards set forth in Fed. R. Civ. P. 8(a).  This is to be a restatement of the claims as they have been recognized, not an opportunity to add new claims.  The newly filed complaint shall be the controlling pleading in this action.  Plaintiffs must file the complaint within 30 days of the date of this order.

    **SO ORDERED.**

                                /s/ James R. Muirhead
                                James R. Muirhead
                                United States Magistrate Judge

Date:  September 14, 2007

cc:  Lawrence M. Edelman, Esq.
     Philip A. Brouillard, Esq.