UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Harris Wayside Furniture
Company, Inc., Harris
Furniture Company, Inc.,
& Harris Brosthers Furniture
Company, Inc.


     v.                                    Civil No. 06-cv-392-JM

Idearc Media Corp.,
f/k/a Verizon Directories Corp.


**O R D E R**

Defendant has moved for partial summary judgment on Counts II and III, for fraud and negligent misrepresentation (document no. 30). Defendant argues that an essential element of every tort claim is damages, which plaintiffs cannot prove because they have failed to adduce any admissible evidence of damages. To prevail on its motion, defendant must establish that there is no genuine issue as to any material fact, entitling it to judgment as a matter of law. See Fed. R. Civ. P. 56(c). Defendant's motion is based on the arguments proffered in support of its motion in limine (document no. 29) to exclude plaintiffs' expert witness on lost profit damages. Defendant's motion in limine has

been denied, however, and plaintiffs' expert witness opinion evidence will be admitted at trial.  Accordingly, the record contains damages evidence, which is disputed and which also raises a genuine issue for trial, precluding summary judgment.

Defendant also seeks partial summary judgment on Counts II and III with respect to plaintiffs' Chichester store even if plaintiffs' expert witness opinion is admitted.  Defendant argues that plaintiff's expert witness on lost profits opined that their Chichester store suffered "no economic loss due to the omission of plaintiffs' advertisement in the Yellow Pages."  Def.'s Mot. for Summ. J. at 4.  Plaintiff does not deny that it lost no profits in the Chichester store, and therefore defendant is entitled to summary judgment with respect to Chichester lost profits.  However, plaintiff responds that the Chichester store was nevertheless damaged because it, like all of plaintiff's stores, was put on a credit restriction and was required to prepay its advertising. While these damages may be de minimis and result in no damage award, see Brandt v. Bd. of Educ., 480 F.3d 460, 465 (7th Cir. 2007) (requiring proof of tort before nominal damages are available), the current record is not sufficient to grant full summary judgment on Count II and III

with respect to plaintiffs' Chichester store, because defendant has not shown that plaintiff did not suffer other damages or financial ramifications from being placed on credit restriction.

Defendant's motion for partial summary judgment (document no. 30) is partially granted as to Chichester lost profits and is otherwise denied.

**SO ORDERED.**

                                                              *James R. Muirhead*
                                                              James R. Muirhead
                                                              United States Magistrate Judge

Date:     December 22, 2008

cc:       Lawrence M. Edelman, Esq.
          Philip A. Brouillard, Esq.